## CIRCUIT COURT OF THE CITY OF RICHMOND

Gray's Administrator

v.

Thrope Allen Wilhelm
and John Doe

July 31, 1979

By JUDGE WILLARD I. WALKER

This letter is intended to clarify the present posture of this case for such value as it may have in the future to any of the parties.

As you gentlemen will recall, when the jury returned with their verdict in favor of the plaintiff for the amount of $5,000.00, two events took place which rendered that verdict somewhat impossible to deal with. First of all, the jury ignored the only evidence introduced for their benefit with regard to burial expenses and awarded no money to the plaintiff in that regard. Secondly, we discovered after the jury had been discharged that one of the instructions; namely, the instruction on damages, had not been in the jury room due to counsel's having inadvertently placed this instruction in his file. Counsel for the plaintiff immediately moved the court to set aside the verdict of the jury and award a new trial on the issue of damages only. If a new trial was to be granted, counsel for the defendant Wilhelm moved that the trial be granted on all issues, including the liability of Wilhelm and the liability of John Doe. Co-counsel for the defendant John Doe did not wish the verdict to be set aside and requested that if a new trial were granted it be granted only to the defendant Wilhelm with a final verdict being rendered in favor of the defendant John Doe.

It was my belief at the time and my announced intention in open court that the verdict would have to be set aside.

Subsequent to that decision I opted to show the verdict to the jury and to enter no judgment upon the verdict but to hold the matter under advisement on the plaintiff's motion to set aside. Subsequent to that, counsel has now advised the court that a compromise has been reached and the matter is going to be settled.

Clearly, the jury's failure to include any sums for burial expenses would be an appropriate ground on which to set aside the verdict of the jury and award a new trial either on the issue of damages or on all issues. However, the failure of the jury to receive all of the court's instructions in the jury room strikes me as constituting a mistrial, and it was my intention, prior to being advised that the parties had reached an agreement, to declare a mistrial and to vacate the verdict of the jury on that ground. Inasmuch as the matter has now been settled, pending some decision by the court, and no judgment has been entered upon the jury's verdict, there is no need for the court to take any action but to receive the petition for compromise and enter an order approving the compromise settlement. That will dispose of the case pending before the court without any necessity for a ruling upon the motion to set aside by the plaintiff's counsel, or upon the question of a mistrial, which would have to be upon the court's motion, since no counsel made a motion in that regard.